**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J. MATHEW WHITAKER, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0573 |
| | § | |
| WILLIAMS FIELD SERVICES – | § | |
| GULF COAST COMPANY, L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 10] filed by

Plaintiffs J. Mathew Whitaker and Three Cities Fund III, L.P., to which Defendants

filed a Response [Doc. # 11], and Plaintiffs filed a Reply [Doc. # 12].  Defendants

requested leave to file a Surreply [Doc. # 14], and that request is granted.

The Court has carefully reviewed the full record in this case.  Based on this

review and the application of governing legal authorities, the Court concludes that

Defendants have failed to carry their burden to show that federal subject matter

jurisdiction exists in this case.  Accordingly, Plaintiffs' Motion to Remand is **granted**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Original Petition [Doc. # 1, Exh. 1] in state court on

November 1, 2004.  Plaintiffs alleged that they entered into a "binding term sheet" with

Defendants to purchase three assets.  Plaintiffs alleged that Defendants breached the contract.  The "term sheet" was attached to the Petition as Exhibit A.

On January 29, 2005, Plaintiffs filed their First Amended Original Petition [Doc. # 1, Exh. 7], adding causes of action for negligent misrepresentation and fraud, and seeking specific performance of their contract with Defendants.  The "term sheet" was again attached as Exhibit A.

Defendants filed a "No-Evidence Motion for Summary Judgment" in which they relied in part of the statute of frauds as a defense to Plaintiffs' contract-based claims. On January 23, 2006, Plaintiffs filed a Second Amended Original Petition [Doc. # 1, Exh. 16], adding a claim based on promissory estoppel and attaching the "term sheet" as Exhibit A.

On that same date, Plaintiffs filed their Response to Defendants' No-Evidence Motion for Summary Judgment ("State Court Response") [Doc. # 1, Exh. 17].  In their State Court Response, Plaintiffs stated that the assets at issue are "all located in offshore waters, *either* Texas coastal waters, *or* federal waters on the Outer Continental Shelf ("OCS")."  State Court Response, p. 17 (emphasis added).  Plaintiffs argued that the mineral rights in offshore waters are regulated by statute and controlled by governmental agencies, "either state or federal . . . For Texas coastal waters, that agency is the General Land Office; for OCS waters, it is the Minerals Management

Service."   *Id.* at 18.   Plaintiffs then argued that "the statutory scheme arguably preempts the application of the statute of frauds."   *See id.* at 18-19.

Defendants filed their Notice of Removal [Doc. # 1] on February 18, 2006.  In their Notice of Removal, Defendants stated that the Court has federal question jurisdiction pursuant to 42 U.S.C. § 1349(b)(1), which gives federal district courts original jurisdiction over cases arising out of, or in connection with, operations conducted on the OCS.   *See* Notice of Removal, ¶ 6.  Defendants also stated that "Plaintiffs for the first time stated [in the State Court Response] that portions of the assets at issue in this case are located on the Outer Continental Shelf [and] that federal law preempts state law applicable to the claims and defenses at issue in this case."  *Id.*, ¶ 10.

On March 17, 2006, Plaintiffs filed their Motion to Remand, arguing that this Court lacks subject matter jurisdiction and, alternatively, that Defendants' Notice of Removal was untimely.  Plaintiffs also argued that Defendants waived their right to remove the case by participating in the case in state court after receiving the State Court Response. The Motion to Remand has been fully briefed and is ripe for decision.

## II.   ANALYSIS

The jurisdiction of federal courts is limited to the power authorized by the Constitution and statutes of the United States.  *See Kokkonen v. Guardian Life Ins.*

*Co.*, 511 U.S. 375, 377 (1994).  The burden of establishing the existence of federal subject matter jurisdiction "rests upon the party asserting jurisdiction."  *Id.*  The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiffs and must resolve all contested issues of fact in favor of Plaintiffs. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

Defendants based their removal on § 1349(b)(1) of the Outer Continental Shelf Lands Act ("OCSLA"), which vests federal courts with jurisdiction over "cases and controversies arising out of, or in connection with any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . .." 43 U.S.C. § 1349(b)(1).  Alternatively, Defendants assert that the OCSLA provides the substantive law for this dispute and, therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

In this case, Defendants have failed to show that any of the assets at issue are located on the OCS.  In none of Plaintiffs' pleadings, including the State Court

Response, do they state that any asset is located on the OCS.  Instead, they state only

that the assets at issue are "all located in offshore waters, *either* Texas coastal waters,

*or* federal waters on the Outer Continental Shelf ("OCS")." *See* State Court Response,

p. 17 (emphasis added).  Plaintiffs do not state that the assets are regulated by or

controlled by the federal agency charged with regulation of assets on the OCS.  Instead

they state only that the mineral rights in offshore waters are regulated by statute and

controlled by governmental agencies, "either state or federal" – "[f]or Texas coastal

waters, that agency is the General Land Office; for OCS waters, it is the Minerals

Management Service." *Id.* at 18.  Plaintiffs do not assert that OCSLA preempts the

statute of frauds.  Instead they state that the relevant "statutory scheme [whether state

or federal] arguably preempts the application of the statute of frauds." *See id.* at 18-19.

In their Reply, Plaintiffs argue that the "term sheet" identifies the HI Block 10

asset as being regulated by the Federal Energy Regulatory Commission ("FERC"). *See*

Reply, p. 4.  Plaintiffs do not state that the HI Block 10 asset is located on the OCS.

FERC has regulatory authority over several issues unrelated to the OCS.  *See, e.g.,*

*Power Resource Group, Inc. v. Public Utility Com'n.*, 422 F.3d 231, 233 (5th Cir.

2005) (discussing FERC regulations regarding energy purchases from qualifying

facilities such as small power production facilities); *WRT Energy Corp. v. Federal*

*Energy Reg. Com'n.*, 107 F.3d 314 (5th Cir. 1997) (affirming FERC regulatory

decision regarding natural gas wells in Louisiana).  Most significantly, in their Surreply, Defendants state that "HI Block 10 in fact is a location in *state* water, not on the OCS." Surreply, p. 3 (emphasis in original).

The record in this case is devoid of allegations or evidence that any asset at issue is located on the OCS.  The only asset mentioned by Plaintiffs in connection with the OCS is the HI Block 10 asset, which Defendants now state unequivocally is located in state water and not on the OCS.  Absent evidence that any asset at issue in this case is located on the OCS, there is no basis for this Court to exercise federal subject matter jurisdiction under the OCSLA.

## III.   <u>CONCLUSION AND ORDER</u>

Defendants have failed to identify any allegation or to present any evidence that an asset at issue in this case is located on the OCS.  As a result, Defendants have not carried their burden of establishing that this Court has federal subject matter jurisdiction under the OCSLA.  It is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 10] is **GRANTED**.  The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **24th** day of **April, 2006.**

Nancy F. Atlas
United States District Judge